PROB 12B
(7/93)

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 13, 2023

SEAN F. McAVOY, CLERK

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Nathan Roy Stout

Case Number: 0980 2:18CR00023-TOR-1

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Court Judge

Date of Original Sentence: June 27, 2018

Type of Supervision: Supervised Release

Original Offense: Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(2)(A)

Date Supervision Commenced: December 8, 2023

Original Sentence: Prison - 80 Months;
TSR - 240 Months

Date Supervision Expires: December 7, 2043

## PETITIONING THE COURT

To **ADD** the conditions of supervision as follows:

15  You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

16  You must allow the probation officer to install monitoring software on any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults.

17  To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches on any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

Prob 12B
**Re: Stout, Nathan Roy**
**December 13, 2023**
**Page 2**

18  You must not possess and/or use computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults, without the permission of the supervising officer.

19  You must submit to search, any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

## CAUSE

As the Court may recall, Mr. Nathan Roy Stout was originally sentenced by the Court on June 27, 2018, to serve an 80-month term of confinement, followed by a 240-month term of supervised release, following the Court's acceptance of the client's plea of guilt to count 1 of an indictment charging Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Mr. Stout began his term of supervised release on December 8, 2023.

Mr. Stout currently has conditions imposed that restrict his possession or manufacturing of any material depicting sexually explicit conduct involving children or adults, and that restrict him from accessing the Internet except for reasons approved by the supervising officer. While it remains the intent of the undersigned officer to enforce Mr. Stout's Internet restriction in full at the onset of supervised release, and until he can be better assessed for risk of re-offense, compliance and progress in the community, it is anticipated that Mr. Stout may at some point during the period of supervised release be considered for monitored Internet access. In addition, it is the intent of the undersigned officer to conduct regular and routine inspections of any device maintained by Mr. Stout to ensure regular and ongoing compliance with his conditions as ordered by the Court, and to ensure that the device does not maintain Internet access until such a privilege is earned and subsequently granted by the U.S. Probation office based on Mr. Stout's demonstrated compliance in the community.

In speaking with Mr. Stout, he is in support of proper monitoring of any device maintained in his possession, in an effort to allow for continued monitoring of his conditions of supervised release as ordered by the Court. Given the goals of the U.S. Probation Office and the client's willingness to submit to device monitoring, the aforementioned condition modifications are now sought with respect to the case. Mr. Stout has been made aware that he will be required to purchase monitoring software for the device, and that any device maintained will be subject to random and regular inspection by the U.S. Probation Office.

Furthermore, and as the Court may additionally recall, Mr. Stout was ordered to participate in special testing in the form of polygraphs as a part of his assessment and any subsequently ordered outpatient sex offender treatment. It is anticipated that occurring in the future, Mr. Stout will successfully complete such services as ordered. Given this hoped and anticipated outcome, it is additionally the undersigned officer's recommendation that a special condition be imposed in this case allowing for continued and stand-alone polygraph testing. It is the hope of the undersigned officer that these conditions, if imposed by the Court, will prove sufficient but not greater than necessary to maintain both adequate accountability and structure for Mr. Stout while affording the U.S. Probation Office with the means to ensure compliance with the client's previous Court ordered conditions.

Mr. Stout is in agreement with the proposed modifications of his conditions as documented herein and as requested by the undersigned officer, as evident by the signed and attached waiver of hearing to modify conditions form.

If the Court should have any questions or concerns with respect to this request, please do not hesitate to contact the undersigned officer.

Respectfully submitted,

by     s/Chris Heinen

Chris Heinen
U.S. Probation Officer
Date: December 13, 2023

THE COURT ORDERS

[ ]   No Action
[ ]   The Extension of Supervision as Noted Above
[X]   The Modification of Conditions as Noted Above
[ ]   Other

Thomas O. Rice
United States District Judge

December 13, 2023
Date